CALOGERO, Justice,
dissenting from denial of respondent’s motion to Strike Third Specification.
I would grant respondent’s alternate motion to strike third specification.
The most serious allegation, particularly that in specification Number Three, to the effect that respondent “removed [a pretrial] Order from the Clerk of Court and fraudulently affixed [his] signature thereto, by use of photocopy devices so that it appeared as if [he] had signed the original Order prepared by attorneys for the defendants” is completely unsupported in the lengthy transcript of testimony taken at the investigatory hearing before the chairman and one other member of the Committee on Professional Responsibility. What this respondent did in connection with “duly executing” a pretrial order, sending it to the judge with a cover letter advising the judge that he had made changes on behalf of his client, and including a changed signature page bearing photostatic copies of opposition counsel’s signatures and his own affixed signature in readily apparent blue/black ink, under no fair assessment could convince me that this lawyer acted fraudulently in an attempt to deceive. This is especially true under these circumstances where the judge already had the originally executed instrument, bearing only the signature of respondent’s opponents.
His conduct was no doubt careless, perhaps even grossly neglectful, and it surely did not comply with federal rules concerning the preparation of pretrial orders. DR 6-101(A)(3) However, it does not constitute “conduct involving dishonesty, fraud, deceit, or misrepresentation,” DR 1-102(A)(4), and is not the kind of condition that warrants the institution of further disciplinary proceedings absent the Committee’s ability to produce additional evidence not in the transcript now before us for review.[1]
For these reasons I would strike the third specification and require the Committee to charge respondent, if they so choose, with the conduct they are prepared to prove.

. Article XV, Section 4 of the Articles of Incorporation of the Louisiana State Bar Association provides:
After its investigation the Committee by majority vote shall take any of the following actions:
(a)Dismiss the complaint and so notify in writing the complainant and respondent.
(b) Issue a reprimand as set forth in Section 5 of this Article.
(c) Institute in the Supreme Court a suit for the disbarment or suspension of the respondent. Provided, that the decision to file such a suit must be preceded by the formal investigative hearing provided in paragraph (b) of Section 3 of this Article.